[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 26, 1997
Plaintiff Citizens for Economic Opportunity and other named plaintiffs appeal a decision of the defendant state insurance department permitting the defendant Aetna, Inc., a Connecticut corporation, to acquire ownership and control of U.S. Healthcare, Inc., a Pennsylvania corporation, and all of its respective subsidiaries, including two Connecticut subsidiaries engaged in the insurance business. The department acted pursuant to General Statutes § 38a-132. The plaintiffs appeal pursuant to § 38a-139. Presently before the court are the defendants' motions to dismiss. The court finds the issues in favor of the defendants.
The plaintiffs are Citizens for Economic Activity (CEO): Connecticut Citizens Action Group (CCAG); United Auto Workers Union Region 9A (UAW); Donald Rettman, an employee of the Aetna; and Wendy Fields-Jacobs, a policyholder of the Aetna. The individual plaintiffs also claim to represent other persons similarly situated.
The facts essential to the court's decision are not in dispute and may be summarized as follows. On April 24, 1996, Aetna Life and Casualty Company filed an application with the CT Page 2668 defendant department, pursuant to General Statutes § 38a-130, seeking permission to acquire U.S. Healthcare, Inc. and U.S. Health Insurance Company, both Connecticut corporations and wholly owned subsidiaries of a Pennsylvania corporation.
In accordance with § 38a-132, on June 7, 1996, the department convened a public hearing before a hearing officer designated by the deputy commissioner of insurance. At the hearing, various officials of the companies involved in the merger testified and presented documentary evidence. The hearing officer denied the plaintiffs' request to intervene officially in the proceeding. Nevertheless, members of the public were permitted to enter statements in the record.
Following the hearing, the hearing officer issued a proposed final decision, and, on July 3, 1996, the deputy insurance commissioner rendered a final decision adopting the findings of the hearing officer and issuing orders. In the final decision, the deputy commissioner approved the acquisition of the subsidiaries. The decision was based on the determination that the merger satisfied the requirements of General Statutes § 38a-132. It is that final decision which is the subject of the plaintiffs' appeal to this court.
The general issue raised by the defendants in their motions to dismiss the appeal is whether the various plaintiffs have sufficiently alleged and proved that they or any of them are legally aggrieved by the insurance department's decision approving the acquisition. General Statutes § 38a-139, the statute that authorizes appeals of the insurance department's decisions on mergers and acquisitions, provides in part, "Any person aggrieved (may appeal)." Pleading and proof of aggrievement are necessary, therefore, in order for a party to have standing to bring an appeal to the court. Unless a party can establish aggrievement, the court has no jurisdiction over the appeal and must dismiss it. The court's decision on this issue requires a review of the law of aggrievement in such appeals and an examination of the different claims of the various plaintiffs in this case.
Aggrievement
"The fundamental test for determining aggrievement encompasses a well settled two fold determination: first, the party claiming aggrievement must successfully demonstrate a CT Page 2669 specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision." (Citations and internal quotation marks omitted.) Light Rigging Co. v. Dept. of PublicUtility Control, 219 Conn. 168, 173, 592 A.2d 1386 (1991).
Although "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected," id., a party's speculation that a loss will occur or "[m]ere generalizations and fears are not sufficient to establish aggrievement." Nader v. Altermatt, 166 Conn. 43, 59 (1974).
Applying these general principles to the present case, in order for this court to have jurisdiction, at least one of the plaintiffs must show (1) that he or she has a specific personal interest in the subject matter of the insurance department's decision, an interest which is protected by law, and (2) that the decision approving the acquisition has or will possibly have an actual adverse effect on that personal, legally protected interest.
Plaintiff Employees
Plaintiffs Rettman and the institutional plaintiffs CEO, UAW and CCAG claim that they are aggrieved by the decision approving the acquisition because it may result in the loss of jobs at Aetna, the acquiring company.
This court has considered and rejected the claim of aggrievement made by these plaintiffs in a similar case, CapitolRegion Conference of Churches et al v. Department of Insurance etal, Docket No. CV 96 055 93 46, Superior Court, judicial district of Hartford/New Britain at Hartford (October 11, 1996). In that case, the court held that employees of two insurance companies were not aggrieved by the department's decision approving the merger of the companies notwithstanding the possibility that the merger might result in the loss of the employees' jobs. The court reasoned that the employees had no legal right not to be laid off, and, therefore, had no legally protected interest that was adversely affected by the decision. CT Page 2670
The plaintiffs seek to distinguish the present case from theCouncil of Churches case, pointing to a provision in the deputy commissioner's decision in this case that Aetna "committed" that it would not reduce its work force by more than five hundred employees. In their brief in opposition to the motion to dismiss, the plaintiffs argue that this provision in the decision creates for the plaintiffs "a legally protected interest, i.e. their continued employment with Aetna." This argument does not, however, support a determination that the plaintiffs are aggrieved by the decision.
The most generous reading of the provision in question, from the plaintiffs' standpoint, is that the deputy insurance commissioner based his decision approving the acquisition, in part, on what he understood to be a promise by Aetna not to lay off more than five hundred employees. Assuming, however, and the court does so purely for the sake of the argument, that the plaintiffs' interpretation of the decision in this regard is correct, the decision cannot be said to deprive them of some prior rights that they possessed as employees of Aetna. To the contrary, the plaintiffs are actually asserting that the decision, in effect, augments their rights as at will employees. That is not aggrievement.
The more fundamental flaw in the plaintiffs' argument is the same as that which was fatal to their claim of aggrievement in the Council of Churches case. As at will employees, the plaintiffs have no legal right not to be laid off. Furthermore, the statute that the insurance commissioner must enforce in this case, General Statutes § 38a-132 (b), does not establish any such right nor does it require the commissioner to protect the jobs of employees of a company which acquires another insurance company. This being so, the plaintiffs have not satisfied the first prong of the aggrievement test: that is, they have not established that they have a specific personal and legal interest in the subject matter of the commissioner's decision. They are not, therefore, legally aggrieved.
Plaintiff Policyholders
Plaintiff Fields-Jacobs and the institutional plaintiffs, as insureds under policies issued by Aetna, argue that they are aggrieved by the decision of the deputy insurance commissioner because, they claim, Aetna will reduce or eliminate their insurance coverage as a result of Aetna's acquisition of the CT Page 2671 other two insurance companies. With their brief in opposition to the motion to dismiss, the plaintiffs include some evidence that Aetna is changing the health insurance coverage it offers and that it is discontinuing such coverage for some insureds. The plaintiffs contend that the commissioner disregarded General Statutes § 38a-132 (b)(1)(D), which, they claim, requires the commissioner to protect their interests as policyholders of Aetna.
As noted, Aetna is the acquiring company in the transaction that is the subject of the commissioner's decision, here under appeal. Section 38a-132 (b)(1)(D) provides as follows:
 The commissioner shall approve any merger or other acquisition of control . . . unless, after a public hearing, he finds that: . . . (D) The plans or proposals which the acquiring company has to liquidate the insurance company . . . or to make any other material change in its business or corporate structure or management, are unfair and unreasonable to policyholders of the insurance company
and not in the public interest. (Emphasis added.)
The defendants correctly contend that in the context of this case the term "acquiring company" refers to Aetna and the term "insurance company" refers to the companies that Aetna is acquiring.
The statute, therefore, requires the commissioner to protect the interests of policyholders of U.S. Health Insurance Company and U.S. Healthcare, Inc. against changes resulting from the acquisition that are unfair and unreasonable to them. The statute does not, however, nor does any other statute, require the commissioner to protect the interests of the plaintiffs, who are policyholders of the acquiring company, Aetna.
The court concludes that the Aetna policyholder plaintiffs have not demonstrated that they have a legal interest that is protected by the statute which they claim the commissioner violated, § 38a-132 (b). They are thus not aggrieved by that decision.
Even if the court were to hold that the commissioner had some generalized, as opposed to a specific statutory, duty to consider the interests of the Aetna policyholders, the plaintiffs have not CT Page 2672 demonstrated that their specific personal, legal interests have been injuriously affected by the decision. In particular, the mere assertion that Aetna may change or reduce their insurance coverage in the future as a result of the acquisition of other insurance companies is not sufficient to establish the deprivation of a legal interest. There is no assertion, for example, that the decision will adversely affect the plaintiffs' existing contractual rights under their policies. Indeed, the evidence submitted by the plaintiffs indicates that Aetna plans to reduce or eliminate insurance coverage only at the end of the coverage term — that is, at renewal time — when the company presumably would be entitled to do so with or without the benefit of the commissioner's decision. The point is that the plaintiffs have not demonstrated that the commissioner's decision adversely affected their rights under their policies. They are thus not aggrieved by it.
As is apparent from the foregoing discussion, the court must dismiss the plaintiffs' appeal because they have not demonstrated that they have any legally established interests that are adversely affected by the commissioner's decision. In so doing, the court does not question the genuineness of the plaintiffs' concerns nor doubt their underlying reality. But the court — and the defendant commissioner of insurance — must deal with and enforce the law that exists, not the law that arguably might be.
For all of the foregoing reasons, the plaintiffs' appeal is dismissed.
MALONEY, J.